### J. Arthur Roley, Plaintiff in Error, v. Wallace Walker et al., Defendants in Error.

ASSUMPSIT—*when lies.* If a note be sold with the representation that it is a valid subsisting obligation when in fact it is not such, the purchaser thereof may recover the amount paid from the seller in an action of assumpsit.

Action commenced before justice of the peace. Error to the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed May 26, 1911.

CHAFEE & CHEW, for plaintiff in error.

RICHARDSON & WHITAKER, for defendants in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

On the trial of this cause in the Circuit Court, judgment was rendered on the verdict of the jury in favor of the defendant and against the plaintiff for costs. The litigation grows out of the following facts:

One Whitrock owned a tract of land, worth about $1,500, upon which there was a mortgage given to secure a note of $750 payable to one Smith, and which was afterward assigned to the plaintiff. Thereafter Whitrock gave his note to C. E. Walker for $167.47, secured by a mortgage on the land in question, and also a chattel mortgage on some personal property. He then sold the land to one Sanders, subject to the two mortgages in question, the payment of which was assumed by Sanders. Sanders placed a third mortgage on the property, to secure a note for $1,200 to one Mautz, which last named note, as well as the first or Smith note, was thereafter purchased by and assigned to the plaintiff. When the note of Whitrock became due, Walker, the holder thereof, notified Whitrock, and he in turn notified Sanders, who satisfied the note by giving Walker other security for the indebtedness represented thereby. Walker then surrendered the note and chattel mortgage to Sanders, but retained the real estate mortgage. Sanders delivered the note and chattel mortgage to Whitrock, who destroyed both instruments. Thereafter, one Chafee, acting for the plaintiff, who did not know that the Whitrock note had been satisfied, and who desired to relieve the property from the lien of the Walker mortgage, bought the Smith or first mortgage. He then called upon Walker, for the purpose of buying the Whitrock note. Walker failed to disclose to him that the note had been surrendered to Sanders, but stated that it had been lost or mislaid. Upon the promise of Walker to deliver the note to him when found, the plaintiff paid the amount due upon the same, and accepted from Walker in return what purported to be a copy thereof, en-

dorsed by Walker without recourse, together with the original real estate mortgage securing said alleged lost note. The plaintiff then filed a bill to foreclose the Smith mortgage, and upon proof that the property was not worth the amount of the first mortgage, procured a decree of strict foreclosure, and entered into possession of the land. After said bill had been filed the plaintiff learned from Whitrock the foregoing facts, and brought the present suit before a justice of the peace, from whence it was taken on appeal to the Circuit Court.

By selling the note to the plaintiff, the defendant represented that the same was a valid subsisting obligation. The proof establishes that it was not; that it had been satisfied and surrendered, which fact must have been known to the defendant. The plaintiff thus paid for something which had no existence. In equity and good conscience it seems clear that he is entitled to recover back from the defendant the amount so paid.

The judgment of the Circuit Court is accordingly reversed and the cause remanded.

*Reversed and remanded.*